UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ELLIOT J. CHERRY, | ) | CASE NO. 5:23-cv-01164 |
| | ) | |
| Petitioner, | ) | JUDGE CHARLES E. FLEMING |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | DARRELL A. CLAY |
| WARDEN GEORGE FREDERICK, | ) | |
| | ) | **OPINION AND ORDER ADOPTING** |
| Respondent. | ) | **MAGISTRATE'S REPORT AND** |
| | ) | **RECOMMENDATION** |
| | ) | |

Pending before the Court is Petitioner Elliot Cherry's Petition under 28 U.S.C.§ 2254 for Writ of Habeas Corpus ("Petition") (ECF No. 1). Magistrate Judge Darrell A. Clay issued a Report and Recommendation ("R&R") on March 24, 2025, recommending that the Court dismiss the Petition. (ECF No. 19). Petitioner filed timely objections to the R&R. (ECF No. 23). Upon consideration of Petitioner's objections, the Court **ADOPTS** the R&R in its entirety, **DISMISSES** the Petition, and **CLOSES** this action.

I.  BACKGROUND

Magistrate Judge Clay's R&R provides a thorough account of the events preceding it. The Court will only briefly summarize the relevant factual and procedural history.

A.  Trial Court Proceedings

In May and August 2001, a grand jury in the Summit County Court of Common Pleas issued an indictment and supplemental indictment charging Petitioner with the following counts: (i) felony murder with felonious assault as the predicate offense, in violation of Ohio Rev. Code § 2903.02(B); (ii) felonious assault, in violation of Ohio Rev. Code § 2903.11(A)(1); (iii) endangering children, in violation of Ohio Rev. Code § 2919.22(A); (iv) felony murder with

child endangerment as the predicate offense, in violation of Ohio Rev. Code § 2903.02(B); and (v) endangering children, in violation of Ohio Rev. Code § 2919.22(B)(1); (ECF No. 6-1, PageID #66–67, 70–71). On August 24, 2001, the jury returned a verdict and found Petitioner: (i) not guilty of felonious assault; (ii) not guilty of murder with the predicate offense of felonious assault; (iii) guilty of child endangering; and (iv) guilty of felony murder with child endangering as the predicate offense. (*Id.* at PageID #113, 318). The same day, the trial court sentenced Petitioner to an 8-year term of imprisonment for child endangering and a term of 15 years to life for murder. (*Id.* at PageID #114, 318). The trial court ordered the terms of imprisonment to be served concurrently because they were "MERGED for purposes of sentencing as agreed to by all parties." (*Id.* at PageID #114).

### B. Resentencing

On March 13, 2019, Petitioner filed a *pro se* motion to vacate his sentence. (*Id.* at PageID #579–82). After the trial court denied the motion, the Ohio Court of Appeals reversed the trial court's judgment, found Petitioner's sentence for child endangering was void, and remanded the matter for "a new sentencing hearing at which the state must elect which allied offense it will pursue against [Petitioner]." (*Id.* at PageID #637).

On March 9, 2020, the trial court held a resentencing hearing with Attorney Noah C. Munyer appearing on behalf of Petitioner, who was not present, and during which the State elected to proceed to sentence on the murder charge. (*Id.* at PageID #639). On March 23, 2020, the trial court voided the sentence imposed for child endangering and pronounced that Petitioner's "indeterminate and mandatory sentence of 15 years to Life [for murder] remains unchanged." (*Id.*).

Petitioner, through counsel, timely appealed the trial court's resentencing judgment, raising two assignments of error: (i) the trial court erred as a matter of law by resentencing [Petitioner] in the absence of his presence or any waiver by [him] of such; and (ii) the trial court erred as a matter of law by depriving [Petitioner] of his right to be represented by counsel of his choice. (*Id.* at PageID #640–50). On April 28, 2021, the Ohio Court of Appeals affirmed Petitioner's sentence. (*Id.* at PageID #673–79). In May 2021, Petitioner filed an application for reconsideration. (*Id.* at PageID #708–18). On August 17, 2021, the Ohio Court of Appeals denied the application because it was filed on May 11, 2021, which was after the 10-day deadline. (*Id.* at PageID #701).

C.  **Mandamus Petition**

On August 16, 2021, Petitioner filed a *pro se* petition for writ of mandamus in the Ohio Court of Appeals, requesting that the Court of Appeals compel the trial court to vacate its resentencing judgment and hold a full resentencing hearing. (ECF No. 17). On November 11, 2021, the Court of Appeals found that Petitioner was not entitled to a writ of mandamus and dismissed the case. (ECF No. 17, PageID #920). Petitioner appealed the dismissal to the Ohio Supreme Court on December 9, 2021. Notice of Appeal, *State ex rel. Cherry v. Breaux*, No. 2021-1504 (Ohio Dec. 9, 2021). On June 7, 2022, the Ohio Supreme Court affirmed the dismissal of the mandamus petition. (ECF No. 17, PageID #921–27).

D.  **Delayed Appeal Motion**

On July 12, 2022, Petitioner, proceeding *pro se*, file a notice of appeal in the Ohio Supreme Court, challenging the Ohio Court of Appeals' April 28, 2021 decision to affirm the trial court's resentencing judgment, as well as a motion for leave to file a delayed appeal. (ECF No. 6-1, PageID#681–86). The Ohio Supreme Court denied leave to file a delayed appeal on August 30, 2022. (*Id.* at PageID #707).

3

### E. Instant Habeas Proceeding

Petitioner, proceeding *pro se*, filed the instant Petition on June 9, 2023, raising three grounds for relief that were each labeled as "Violation of the petitioner's United States Constitutional Rights." (ECF No. 1, PageID #5, 7–8). Petitioner raises the following grounds for relief: (i) the state court violated Petitioner's due process rights by failing to adhere to the Ohio Court of Appeals' resentencing mandate (Ground One); (ii) the state court violated Petitioner's due process rights by denying Petitioner his right to be present at the resentencing hearing (Ground Two); and (iii) the state court violated Petitioner's constitutional rights by denying Petitioner his counsel of choice at the resentencing hearing. (*Id.* at PageID #16).

On March 24, 2025, Magistrate Judge Clay issued an R&R recommending that the Court dismiss Ground One as non-cognizable, dismiss Grounds Two and Three as procedurally defaulted, and dismiss the habeas petition. (ECF No. 19, PageID #946–51). After asking for and receiving an extension of time, Petitioner, now represented through counsel, filed a timely objection to the R&R. (ECF No. 23).

## II. LEGAL STANDARD

Under the Federal Magistrates Act, a district court must conduct a *de novo* review of those portions of the report and recommendation to which the parties have objected. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). Absent objection, a district court may adopt a report and recommendation without further review. *See Peretz v. United States*, 501 U.S. 923, 939 (1991); *Thomas v. Arn*, 474 U.S. 140, 141–42 (1985). Pursuant to Fed. R. Civ. Proc. 72(b)(3), a district judge:

> [M]ust determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. Proc. 72(b)(3). An objection must address specific issues within the magistrate judge's report and recommendation. *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). That means that a petitioner must direct "the district judge's attention to specific issues decided by the magistrate contrary to [the petitioner's] position." *Ayers v. Bradshaw*, No. 3:07-cv-2663, 2008 U.S. Dist. LEXIS 27218, 2008 WL 906100, at *2 (N.D. Ohio, Mar. 31, 2008) (quoting *Neuman v. Rivers*, 125 F.3d 315, 323 (6th Cir. 1997)); *see also Bulls v. Potter*, No. 5:16-cv-02095, 2020 U.S. Dist. LEXIS 30163, 2020 WL 870931, at *1 (N.D. Ohio Feb. 21, 2020) (providing that objections "must be specific in order to trigger the de novo review").

General objections are insufficient to meet the specificity requirement as objections "must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006) (quoting *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)) (internal quotation marks omitted); *see also Howard*, 932 F.2d at 509 (providing that a general objection to a magistrate judge's report and recommendation "has the same effects as would a failure to object"). "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context. *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004).

### III. DISCUSSION

Petitioner raises two objections concerning the Magistrate Judge's procedural default determination. First, Petitioner challenges the Magistrate Judge's determination that Petitioner did not establish cause to excuse his procedural default. (ECF No. 23, PageID #961–64). Second, he challenges the Magistrate Judge's determination that a certificate of appealability should not issue

5

as to whether there is cause to excuse procedural default. (*Id.* at PageID #964–65). The Court will address each objection in turn.

### A. Objection 1 – Cause to Excuse Procedural Default

The Court finds that Petitioner has waived his objection about cause to excuse procedural default because he has raised the argument for the first time in his objections to the R&R. "Although district courts must engage anew with issues raised after the magistrate judge's Report and Recommendation, the Sixth Circuit has generally articulated that 'issues raised for the first time in objections to a magistrate judge's report and recommendation are deemed waived.'" *Morgan v. Trierweiler*, 67 F.4th 362, 367 (6th Cir. 2023) (quoting *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000)) (alterations adopted); *Stanley v. O'Malley*, No. 1:23-CV-2367, 2024 U.S. Dist. LEXIS 178072, at *6 (N.D. Ohio Sep. 30, 2024) (collecting cases). "It is well established that a party may not raise an argument, advance a theory, or marshal evidence before a District Judge that was not fairly presented to the Magistrate Judge." *Marr v. Foy*, No. 1:07-cv-908, 2010 U.S. Dist. LEXIS 9374, at *15 (W.D. Mich. Feb. 4, 2010) (citing *Murr*, 200 F.3d at 902 n.1); *see also Enyart v. Coleman*, 29 F. Supp. 3d 1059, 1070 (N.D. Ohio 2014). "The Magistrates Act was not intended 'to give litigants an opportunity to run one version of their case past the magistrate, then another past the district court.'" *Marr*, 2010 U.S. Dist. LEXIS 9374, at *15 (citations omitted).

In his return of writ, Respondent argues that Petitioner's Ground Two and Three were procedurally defaulted because he failed to fairly present those claims when he failed to timely appeal the affirmation of the trial court's resentencing judgment to the Ohio Supreme Court, who later denied Petitioner's motion for a delayed appeal. (ECF No. 6, PageID #56–57). Respondent further argues that Petitioner was required to show both cause and prejudice to excuse this

procedural default and he failed to demonstrate either. (*Id.* at PageID #57). In his traverse, Petitioner argues that his claims were not procedurally defaulted by: (i) citing the procedural steps he utilized, including filing a mandamus petition where he raised constitutional claims; and (ii) contending that he properly filed a motion for a delayed appeal that was not denied for improper procedure. (ECF No. 9, PageID #843–44). However, Petitioner did not present any arguments or evidence that there was cause and prejudice to excuse procedural default, despite being on notice of the issue. (*See id.*).

Now, for the first time in his objections, Petitioner argues that he can demonstrate cause to excuse his procedural default. (ECF No. 23, PageID #961–64). For evidence to demonstrate cause to excuse his failure to timely appeal his resentencing to the Ohio Supreme Court, Petitioner cites exhibits attached to his motion for an untimely appeal: (i) a letter to the Ohio Court of Appeals inquiring about the status of his application for reconsideration; and (ii) a response from the clerk of court that contained the journal entry of the Court of Appeals' decision and a notice of the decision that was sent to Petitioner's attorney. (*Id.* at PageID #962 (citing ECF No. 6-1, PageID #699, 701–02)). He argues that this evidence shows that Petitioner did not receive timely notice of the denial of his application for reconsideration. (*Id.*).

Petitioner also cites evidence that the clerk's office did not stamp his application for reconsideration until a full week after it had been processed, which happened to be a day after the filing deadline.[1] (*Id.* at PageID #962–63). He argues that his application for reconsideration was considered untimely because of this delay by the clerk's office; this affected the timeliness of

---

[1] The Court notes that Petitioner provided an affidavit with his delayed appeal motion in which he attests that the application for reconsideration was processed by his place of incarceration on May 4, 2021. (ECF No. 6-1, PageID #695 (citing *id.* at PageID #697). But the exhibit he cites to appears blacked out and is entirely illegible, such that it does not provide any support for his assertion. (*Id.* at PageID #697). Although not cite by Petitioner, the application's certificate of service indicates that Petitioner forwarded the application through the U.S. Mail on May 3, 2021. (*Id.* at PageID #718).

Petitioner's appeal because an untimely application would not toll the time to appeal. (*Id.*). Because of the delay by the clerk's office and the resulting lack of tolling, Petitioner argues that it was impossible to file a timely appeal because the Ohio Court of Appeals did not issue a decision on the application for reconsideration until well after the deadline for filing an appeal to the Ohio Supreme Court had lapsed. (*Id.* at PageID #963). In conclusion, Petitioner argues that the above evidence demonstrates he was diligent in adhering to court deadlines and it was objective external factors that prevented compliance with state procedural rules. (*Id.*).

Because Petitioner never raised the above arguments before the Magistrate Judge, he now raises facts that were not cited or mentioned in his Traverse, and he has not provided a compelling reason for these prior omissions, Petitioner has waived any arguments for excusing procedural default and the Court cannot consider this objection.[2] *Morgan*, 67 F.4th at 367; *Enyart*, 29 F. Supp. 3d at 1070; *Stanley*, 2024 U.S. Dist. LEXIS 178072, at *6.

Alternatively, the Court would overrule the objection on the merits. To excuse procedural default, a petitioner must demonstrate both cause *and* actual prejudice. *See Ambrose v. Booker*, 684 F.3d 638, 649 (6th Cir. 2012); *Bonilla v. Hurley*, 370 F.3d 494. 497 (6th Cir. 2004) ("Since both cause and prejudice must be shown to excuse a procedural default, the failure to establish cause eliminates the need to consider prejudice."). Because it is Petitioner's burden to demonstrate both cause and actual prejudice, and he presented no arguments about actual prejudice, his objection fails on the merits. *See Hinkle v. Randle*, 271 F.3d 239, 245 (6th Cir. 2001). Moreover, the record does not demonstrate that Petitioner suffered actual prejudice. Even if Petitioner was correct that his absence at resentencing, or the absence of his counsel of choice, constituted

---

[2] It is worth nothing that Petitioner raised these same arguments when he moved the Ohio Supreme Court for leave to file a delayed appeal, (ECF No. 6-1, PageID #684–85), and they were implicitly rejected when the Ohio Supreme Court denied the motion for delayed appeal, (*id.* at PageID #707).

constitutional errors, "[a]ctual prejudice requires that the actual and eventual outcome would have been different 'regardless of the nature of the underlying constitutional claim.'"). *Fields v. Forshey*, No. 22-3031, 2023 U.S. App. LEXIS 20863, at *10 (6th Cir. Aug. 8, 2023) (quoting *Ambrose*, 684 F.3d at 651.

Petitioner has not demonstrated, nor does the record indicate, that the outcome of his resentencing would have been any different if he or his counsel of choice had been present. The Ohio Court of Appeals remanded the case to the trial court for resentencing solely so that the State could elect which specific allied offense it would pursue against Petitioner. (ECF No. 6-1, PageID #637). At the resentencing hearing, the State elected to pursue the murder count, the trial court vacated the sentence for child endangering, and it entered a new sentence, which did not change the term of imprisonment—"indeterminate and mandatory sentence of 15 years to Life." (*Id.* at PageID #639). Petitioner has not demonstrated that if he or his counsel of choice were present that it would have resulted in a different sentence. Because Petitioner's objection about excusal of procedural default is both waived and fails on the merits, the first objection is **OVERRULED**.

### B. Objection 2 – Certificate of Appealability

For his second objection, Petitioner challenges the Magistrate Judge's recommendation that the Court deny a certificate of appealability. (ECF No. 23, PageID #964–65). He argues that he has made a substantial showing that he suffered a denial of his constitutional rights and jurists of reason could come to different conclusions about procedural default. (*Id.*). As discussed above, the Court finds that Petitioner waived any argument about cause to excuse procedural default and his arguments to excuse the procedural default of Grounds Two and Three also fail on the merits. As a result, the Court agrees with the Magistrate Judge's conclusion that jurists of reason would

not find it debatable that Grounds Two and Three are procedurally defaulted. (ECF No. 19, PageID #951). Accordingly, the Court **OVERRULES** Petitioner's second objection.

## IV. CONCLUSION

For the foregoing reasons, Petitioner's objections (ECF No. 23) are **OVERRULED**. The Court **ADOPTS** Magistrate Judge Clay's R&R (ECF No. 19) and incorporates it fully herein by reference. The Petition (ECF No. 1) is **DENIED** and **DISMISSED**. The Court **CERTIFIES**, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision cannot be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. Fed. R. App. P. 22(b); 28 U.S.C. § 2253(c).

**IT IS SO ORDERED.**

Date: June 10, 2025

_____
**CHARLES E. FLEMING**
**UNITED STATES DISTRICT JUDGE**